IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50163
USDC No. W-96-CV-38
_____

GLENN HERROD,

                              Petitioner-Appellant,

versus

STATE OF OKLAHOMA,

                              Respondent-Appellee.

---------------------

Appeal from the United States District Court
for the Western District of Texas

---------------------

July 3, 1996

Before KING, HIGGINBOTHAM and STEWART, Circuit Judges.

PER CURIAM:[*]

Glenn Herrod requests a certificate of probable cause (CPC)
to appeal.  The district court dismissed Herrod's petition for
failure to exhaust state remedies, but did not specify which
state or what remedies were to be exhausted.  Herrod was not
given the opportunity in the district court to show, as he has
alleged in this court, that attempting to exhaust state remedies

---

[*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

is futile.  See 28 U.S.C. § 2254(b); Harris v. Reed, 489 U.S. 255, 269-70 (1989) (O'Connor, J., concurring); Smith v. Estelle, 562 F.2d 1006, 1007-08 (5th Cir. 1977).  The request for CPC is GRANTED.  The judgment of the district court is VACATED and the habeas action is REMANDED to the district court to develop what, if any, remedies are available to Herrod in either Texas or Oklahoma or both and whether requiring exhaustion of any state remedies would be futile.

VACATED and REMANDED.